J-S36041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CARLOS OCASIO :
:
Appellant : No. 3965 EDA 2017

Appeal from the PCRA Order November 21, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0701691-1995

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

JUDGMENT ORDER BY GANTMAN, P.J.: FILED July 20, 2018

Appellant, Carlos Ocasio, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On November 19, 1996, a jury convicted Appellant of first-degree murder, three counts of aggravated assault, conspiracy, possessing instruments of crime, and carrying firearms in public streets in Philadelphia. The court sentenced Appellant on March 3, 1997, to life imprisonment for the murder conviction and imposed lesser terms of imprisonment for the remaining crimes. This Court affirmed the judgment of sentence on June 16, 1999, and our Supreme Court denied allowance of appeal on October 18, 1999. *See Commonwealth v. Ocasio*, 742 A.2d 208 (Pa.Super. 1999), *appeal denied*, 560 Pa. 723, 745 A.2d 1220 (1999).

On October 4, 2000, Appellant timely filed a counseled first PCRA petition. Following appropriate notice per Pa.R.Crim.P. 907, the court denied relief on January 17, 2002. This Court affirmed the denial of PCRA relief on March 22, 2004. *See Commonwealth v. Ocasio*, 850 A.2d 11 (Pa.Super. 2004).

Appellant filed the current serial *pro se* PCRA petition on March 25, 2016. The court issued Rule 907 notice on October 11, 2017, and denied PCRA relief on November 21, 2017. Appellant timely filed a *pro se* notice of appeal on December 6, 2017. No Pa.R.A.P. 1925(b) statement was ordered or filed.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of when the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on January 16,

2000, upon expiration of the time for filing a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on March 25, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the statutory time-bar per Section 9545(b)(1)(iii), claiming he is entitled to relief under **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (holding sentence of mandatory life imprisonment without possibility of parole, for those under age of 18 at time of their crimes, violates Eighth Amendment's prohibition on cruel and unusual punishments) and **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) (holding **Miller** applies retroactively to cases on state collateral review). Nevertheless, Appellant concedes he was over 18 years old at the time of the offenses at issue. Thus, **Miller** and **Montgomery** do not apply. Furthermore, this Court has previously rejected the controversial argument that relief under **Miller** and **Montgomery** should be extended to individuals under 25 years old because the brain is not developed fully until that age. **See Commonwealth v. Furgess**, 149 A.3d 90 (Pa.Super. 2016) (holding appellant who was 19 years old at time of offenses was not entitled to relief under **Miller** and **Montgomery** on collateral review; rejecting "technical juvenile" argument). Therefore, the court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/20/2018